NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JOHN DOYLE, | |
| Plaintiff, | |
| v. | Case No. 2:26-cv-02753 (BRM) (CF) |
| NEW JERSEY COMMISSION FOR THE BLIND AND VISUALLY IMPAIRED, BERNICE M. DAVIS, CHARLES P. MCKENNA, MADELAINE GARCIA, WILLIAM STIEBER, AALIYAH DENT, LOUIS J. MANCUSO, KEVIN HARRIS, ALLYON COHEN, NAPOLEON TRUESDALE, BRYAN MCCLAIN, AND ADAM SZCZEPANIAK | **MEMORANDUM ORDER** |
| Defendants. | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff John Doyle's ("Doyle") application to proceed *in forma pauperis* ("IFP") and complaint alleging a violation of the Americans with Disabilities Act (the "ADA"), the Rehabilitation Act (the "RA"), and claims against individual defendants for deprivation of rights under 42 U.S.C. § 1983. (ECF No. 7 (the "Amended Complaint").) Having reviewed Doyle's IFP application, and for good cause appearing, his application is **GRANTED**.

Because Doyle is proceeding *in forma pauperis*, the Court has an obligation to screen the Amended Complaint under 28 U.S.C. § 1915(e)(2). In his Amended Complaint, Doyle alleges that he is blind and that despite knowing of his disability, the Defendants are "engaged in a continuous course of conduct" to deny his disability accommodations and caused an administrative case he brought to be dismissed. (ECF No. 7 at 1.) Doyle requests the Court intervene and enjoin the

1

defendants and require them to provide Doyle the requested accommodations alongside damages. (*Id.* at 9–10.)

Doyle brings two sets of claims against the New Jersey Commission for the Blind and Visually Impaired (the "Commission"). The first is a claim that the Commission violated the ADA. The second is a claim the Commission violated the RA. The Court considers ADA and RA "claims together because the substantive standards for determining liability are the same." *Furgess v. Pennsylvania Dep't of Corr.*, 933 F.3d 285, 288 (3d Cir. 2019) (quoting *McDonald v. Com. of Pa., Dep't of Pub. Welfare Polk Ctr.*, 62 F.3d 92, 95 (3d Cir. 1995)). Namely, Doyle "must allege that he is a qualified individual with a disability, who was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination, by reason of his disability. . . . [and] must also show intentional discrimination under a deliberate indifference standard because he seeks compensatory damages." *Id.* at 288–289.

Doyle also brings claims against a group of defendants in their individual capacity for deprivation of rights under 42 U.S.C. § 1983. A plaintiff must allege facts sufficient to show "(1) a person deprived him of a federal right; and (2) the person who deprived him of that right acted under color of state or territorial law." *Groman v. Twp. of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v. Toledo*, 446 U.S. 635, 640 (1980)).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)[] . . . is identical to the legal standard used when ruling on Rule 12(b)(6) motions." *Robinson v. Phelps*, 946 F. Supp. 2d 354, 361 (D. Del. 2013). "When screening a complaint . . . a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Rhodes v. Camden Redevelopment Agency*, Civ. A. No. 20-20337, 2021 WL 71597, at *2 (D.N.J. Jan. 8, 2021) (quoting *Evancho v. Fisher*, 423 F.3d 347, 351 (3d

Cir. 2005)). Although a complaint "does not need detailed factual allegations," a plaintiff is obligated to plead facts sufficient "to provide the grounds of his entitlement to relief." *Rhodes*, 2021 WL 71597, at *2 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 544 (2007)). The law requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation[s]," or "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)). In other words, he must allege facts which, "nudge[ his] claims . . . across the line of conceivable to plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009) (citing *Twombly*, 550 U.S. at 547).

Doyle's Amended Complaint fails to meet this standard. The Court will start its analysis with the ADA and RA claims against the Commission before considering the deprivation of rights claim. Under the ADA and RA, Doyle must allege (1) he is a "qualified individual with a disability," and (2) that by reason of his disability he "was precluded from participating in a program, service, or activity, or otherwise was subject to discrimination." *Furgess*, 933 F.3d at 288–89.

Doyle has only alleged the first element with specificity, namely that he is "legally blind and requires assistive technology." (ECF No. 7 at 1.) For the other elements, Doyle merely provides conclusory statements such as "defendants denied reasonable accommodations" and "defendants acted with deliberate indifference." (*Id.* at 7–8.) What assistive technologies and accommodations he requested, why they are reasonable, and on what basis they were denied are all absent from the Complaint. (*Id.*) Furthermore, Doyle does not identify what "program, service, or activity" he was denied. *Furgess*, 933 F.3d at 288–89. Rather, Doyle claims he "continues to experience barriers to [his] education" as a result of the Commission's actions. (ECF No. 7 at 9.) The only service Doyle does identify being denied with specificity is access to "a scribe to

3

complete applications." (*Id.* at 5.) But it remains unclear whether the scribe was for accommodation requests, the ongoing administrative proceeding, or unrelated applications. (*Id.*)

The few details Doyle does provide suggest that the accommodation was denied because of his own failure to appear at an administrative hearing. (*Id.* at 6.) However, even that is unclear, because there is no discussion about what this administrative hearing was for or how it relates to his other allegations such as his initial accommodation requests. (*Id.*)

Doyle's claim for deprivation of rights fails for the same reason. On the face of the complaint, Doyle lists eleven individual defendants allegedly responsible for depriving him of his rights. (*Id.* at 1.) However, only two of these individuals, Charles P. McKenna and Madelaine Garcia, are mentioned in any way within the factual allegations. (*Id.*) But the allegations against these two are not sufficient to support any cause of action, much less a deprivation of constitutional rights. According to Doyle, McKenna denied his request for scribe services (*id.* at 6) and Garcia responded to one of his emails requesting educational accommodations (*id.* at 1). It is unclear who these people are or what their role is in the allegations, including whether they were acting under color of law, nor do these scant allegations support Doyle's allegation that their conduct amounted to a "denial of due process . . . equal protection . . . [and] access to courts." (*Id.* at 9.) Therefore, none of Doyle's claims are supported by sufficient factual allegations, and all must be dismissed.

Accordingly, and for good cause appearing,

**IT IS** on this 1st day of April 2026,

**ORDERED** that Doyle's Application to Proceed IFP is **GRANTED**; it is further

**ORDERED** Doyle's Amended Complaint is **DISMISSED WITHOUT PREDJUDICE** Doyle has leave to amend within twenty-one (21) from this order, failure to amend the complaint

within this time will result in automatic dismissal without further action from the Court; and it is

further

ORDERED that the Clerk of Court shall mark this matter closed.

Date: April 1, 2026

/s/ *Brian R. Martinotti*
HON. BRIAN R. MARTINOTTI
UNITED STATES DISTRICT JUDGE